The majority reacts to the recent decision of the Supreme Court of Ohio in reversing this court's holding in State v. Wilhelm (1998), 81 Ohio St.3d 444. In its two-line disposition of the Wilhelm cause, the Supreme Court of Ohio relied upon Dayton v. Erickson (1996), 76 Ohio St.3d 3, which stands for the proposition that a pretextual stop is not constitutionally invalid.
The majority recites, "In order to conduct an investigatory stop of a motorist, a police officer must have a reasonable and articulable suspicion that the motorist is engaged in criminal activity or operating his vehicle in violation of the law." Not so today.
In the within cause, relying on Wilhelm, supra, the majority reverses the decision of the trial court when it granted appellee's motion to suppress. The record before this court establishes, and the trial court factually found, "upon reflection there is really no evidence in the record for the court to conclude that the driving was erratic."
In the case at bar, the patrolman indicated that he observed appellee's passenger-side tires ride directly on but not cross or straddle the right edge line of the road twice within eight hundred feet. He also testified that he saw appellee's vehicle cross the first double line of the center line approximately three inches. The testimony of the officer indicated that the driving was "fairly smooth, drifting motions."
After considering the totality of the circumstances, the trial court concluded that the driving did not rise to a marked lane violation. The trial court, having found there was no marked lane violation or other circumstances articulated to give the officer suspicion of a violation of law, properly dismissed the charges.
The majority's decision would allow an officer's mistaken belief that a traffic violation had occurred to justify a warrantless investigative stop of a motorist.
Accordingly, I dissent.